IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| 513 Ventures, LLC, | : | |
| | : | Case No. 1:11-cv-573 |
| Plaintiff, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER GRANTING |
| PIV Enterprises, Inc. | : | MOTION TO DISMISS |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant's Motion to Dismiss Under Rule 12(b) for

Lack of Jurisdiction, Improper Venue, and Failure to State a Claim (doc. 7).  For the reasons that

follow, the Court finds that Plaintiff  has failed to plead facts sufficient to establish a prima facie

case of personal jurisdiction or venue.  The Court will **GRANT** the Motion to Dismiss.

## I.      BACKGROUND

Plaintiff 513 Ventures, LLC alleges that it is an Ohio company located in Hamilton

County, Ohio and engaged in, among other things, the sale of detoxification products through the

website www.instantflush.com.  (Doc. 1 ¶¶ 1–2.)  It alleges that it has used the trademark

**INSTANT FLUSH** continuously since at least February 9, 2007 to identify its services and

February 26, 2010 to identify its goods.  (*Id.* ¶¶ 9–10.)

513 Ventures further alleges that Defendant PIV Enterprises, Inc. ("PIV") is believed to

be a California corporation, presently located in California, which also is engaged in the sale of

detoxification products.  (*Id.* ¶ 3.)  513 Ventures alleges that PIV began to offer goods and

services under the trademark **INSTANT FLUSH** sometime in the year 2009.  (*Id.* ¶¶ 11–12.)

513 Ventures alleges that PIV offers its **INSTANT FLUSH** goods and services over the internet

and that its website "solicits business from across the United States, including in Hamilton County, Ohio for its detoxification product or products marketed as **INSTANT FLUSH**." (*Id.* ¶¶ 14, 17.)

Finally, 513 Ventures alleges that its chief executive officer, Chris Swain, received a telephone call in July 2011from an "individual claiming to be Brady Daniel, president of PIV. " (*Id.* ¶ 18.) Daniel allegedly told Swain that PIV had started using the **INSTANT FLUSH** mark before 513 Ventures and demanded that 513 Ventures stop its use of the mark for detoxification products and services. (*Id.*) Swain allegedly responded that 513 Ventures had used the mark first and that PIV was infringing upon the mark. (*Id.* ¶ 19.) 513 Ventures alleges that PIV has not stopped using the mark. (*Id.* ¶ 20.)

513 Ventures instituted this litigation by filing a Complaint against PIV on August 22, 2011, approximately one month after that telephone conversation. 513 Ventures asserts one claim for false designation of origin pursuant to the Lanham Act § 43(a), 15 U.S.C. § 1125(a). PIV filed the pending Motion to Dismiss in lieu of answering the Complaint. The Motion to Dismiss is fully briefed and ripe for adjudication.

## II.     ANALYSIS

PIV moves to dismiss on three grounds: failure to state a claim upon which relief can be granted, lack of personal jurisdiction, and improper venue. The Court finds that 513 Ventures has failed to plead facts sufficient to establish a prima facie case of personal jurisdiction over PIV or venue. Accordingly, the Court will not examine the failure to state a claim argument.

### A.     Personal Jurisdiction

Rule 12(b)(2) authorizes a defendant to move for dismissal based on lack of personal

jurisdiction.  The plaintiff bears the burden of proving that the Court may properly exercise

personal jurisdiction over the defendant.  *Schneider v. Hardesty*, No. 09-cv-3892, —F.3d—,

2012 WL 53321, at *3 (6th Cir. Feb. 23, 2012); *Intera Corp. v. Henderson*, 428 F.3d 605, 615

(6th Cir. 2005).  Where, as here, the Court rules on written submissions alone, the plaintiff only

need make a prima facie case that personal jurisdiction exists.  *Schneider*, 2012 WL 53321, at

*3.

        In a diversity case, a district court looks to the law of the forum state to determine

whether personal jurisdiction exists.  *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir.

2000).  The exercise of personal jurisdiction is valid only if it meets both the state long-arm

statute and constitutional due process requirements.  *Id.*  Ohio's long-arm statute, Ohio Revised

Code § 2307.382, does not extend to the constitutional limits of the Due Process Clause.  *Id.*;

*Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 238 n. 1, 638 N.E.2d 541 (1994).  A plaintiff,

therefore, must make a prima facie showing of jurisdiction under both Ohio law and sufficient to

meet due process concerns.  *Schneider*, 2012 WL 573321, at *4.  Because 513 Ventures cannot

satisfy due process concerns in this case, the Court need not examine personal jurisdiction under

Ohio law.

        To satisfy the Due Process Clause, a defendant must have had "minimum contacts" with

the forum state "such that the maintenance of the suit does not offend traditional notions of fair

play and substantial justice."  *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal

quotation and citation omitted).  A defendant's contacts with the forum state can give rise to

either general or specific jurisdiction.  *Indah v. U.S. S.E.C.*, 661 F.3d 914, 920 (6th Cir. 2011).

Specific jurisdiction subjects a defendant to jurisdiction for claims that arise from or relate to the

defendant's specific contacts with the state. *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002).

To establish specific jurisdiction, a plaintiff must prove the following:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968); *see*

*also Schneider*, 2012 WL 573321, at *7.

513 Ventures asserts that the Court has personal jurisdiction over PIV on the basis that

PIV allegedly has a website which solicits business from Ohio. (Doc. 1 at ¶ 5.) The relevant

allegations from the Complaint are as follows:

> 5.      The Court has personal jurisdiction over Defendant . . . by reason of Defendant's Internet web site which solicits business within the State of Ohio, including Hamilton County, Ohio.
>
> 12.     Defendant PIV also offers its INSTANT FLUSH goods and services on the internet.
>
> * * *
>
> 14.     PIV's website solicits business from across the United States, including in Hamilton County, Ohio for its detoxification product or products marketed as INSTANT FLUSH.
>
> * * *
>
> 17.     PIV promotes goods identified by the Instant Flush mark on the Internet and may promote the mark in other ways.

(Doc. 1.)

513 Venture's allegations are not sufficient to establish this Court's general jurisdiction

over PIV Enterprises. "[T]he fact that [a defendant] maintains a website that is accessible to

anyone over the Internet is insufficient to justify general jurisdiction." *Bird*, 289 F.3d at 874.

On the other hand, specific personal jurisdiction sometimes can be premised upon the

defendant's operation of a website. The Sixth Circuit explained the following guidelines for

determining whether a website available to users in the forum state is sufficient to establish the

purposeful availment requirement of specific jurisdiction:

> In order to determine whether an operator of a website purposefully availed
> himself of the forum state, the Court looks at the website's level of interactivity.
> *Neogen Corp.* [*v. Neo Gen Screening, Inc.*], 282 F.3d [883,] 890 [(6th Cir. 2002)]
> (citing *Zippo Mfg. Co. v. Zippo Dot Com*, 952 F. Supp. 1119, 1124 (W.D. Pa.
> 1997)). There are generally three levels of interactivity of websites, including: (1)
> passive sites that only offer information for the user to access; (2) active sites that
> clearly transact business and/or form contracts; and (3) hybrid or interactive sites
> that allow users to "exchange information with the host computer." *Zippo Mfg.
> Co.*, 952 F. Supp. at 1124. *Neogen* held that purposeful availment is shown "if
> the website is interactive to a degree that reveals specifically intended interaction
> with residents of the state." 282 F.3d at 890.

*See, Inc. v. Imago Eyewear Pty, Ltd.*, 167 F. App'x 518, 522 (6th Cir. 2006).

Personal jurisdiction cannot be asserted over a defendant with a merely passive website

that does nothing more than provide information to users in the forum state. *V Secret Catalogue,

Inc. v. Zdrok*, No. 2:01-CV-0059, 2003 WL 22136303, at *8 (S.D. Ohio Aug. 29, 2003). On the

other hand, jurisdiction over a defendant is proper where the defendant "clearly does business

over the internet by entering into contracts with residents of other states which involve the

knowing and repeated transmission of computer files over the internet." *Id.; Bath & Body

Works, Inc. v. Wal-Mart Stores, Inc.*, No. C-2-99-1190, 2000 WL 1810478 at *8 (S.D. Ohio

Sept. 12, 2000) (internal quotation and citation omitted). For a defendant whose website falls

somewhere in the middle of those two extremes, "the exercise of jurisdiction is determined by

the level of interactivity and commercial nature of the exchange of information that occurs on the

website." *V Secret Catalogue, Inc.*, 2003 WL 22136303, at *8.

Importantly, even a non-passive website, one by which the defendant welcomes business from the forum state, does not establish purposeful availment without additional allegations that a commercial connection in fact exists between the business and the forum state. *See Tewart Enterprises, Inc. v. Dawson*, No. 1:05CV30, 2007 WL 1114819, at *6 (S.D. Ohio Apr. 13, 2007) ("In the other cases that placed importance on a website in the purposeful availment analysis, the website had created some commercial connection."). The court in *Tewart* held that the plaintiff had failed to establish the defendants' purposeful availment despite allegations that the defendants' website was generally accessible from Ohio and included an Ohio dealership as a reference. *Id.* "Whether the Defendants here held themselves out as welcoming business from Ohio is immaterial because the Plaintiff makes no allegation that the defendant's [*sic*] website or letter have generated any business connection between the defendant[s] and Ohio." *Id.*; *see also Nat'l K-9, Inc. v. Nat'l Canine Assoc., Inc.*, No. 2:09-cv-608, 2010 WL 2663226, at *5 (S.D. Ohio Jun. 30, 2010) ("Because NCA's only contact with Ohio is through its relatively passive website, which has only two registered users from Ohio, the Court finds that NCA has not purposefully availed itself of the privileges of doing business in Ohio."); *Venaleck v. Man Diesel N. Am. Inc.*, No. 1:09CV2741, 2010 WL 1005166, at *3 (N.D. Ohio Mar. 16, 2010) ("[W]hether [the defendant] held itself out as welcoming business from Ohio is immaterial, because Plaintiffs make no allegation that the website generated any business between [the defendant] and Ohio.")

In this case, 513 Ventures alleges that PIV solicits business from and promotes its goods and services across the United States, including in Ohio, on its website. 513 Ventures argues that these allegations suffice as allegations that the website is not merely passive. Even if the Court were to agree, the allegations do not establish that PIV has engaged in commercial

6

transactions with Ohio residents through the website as required to meet the purposeful

availment requirement of specific jurisdiction. *See Nat'l K-9,* 2010 WL 2663226, at *2–3;

*Venaleck,* 2010 WL 1005166, at *3; *Tewart*, 2007 WL 1114819, at *6.

513 Ventures does not identify the address for the PIV's website or provide any images

from the website.  513 Ventures does not specify whether PIV merely posts information about its

detoxification products on the website, or whether PIV enables users to register as customers,

enter into transactions, or make payments for PIV's goods and services through the website.  513

Ventures does not allege whether PIV, in fact,  has entered into transactions with or accepted

payment from Ohio residents through its website, shipped products to Ohio, or provided services

in Ohio.  In the absence of more specific factual allegations such as these, 513 Ventures has not

pleaded facts to establish that PIV purposefully availed itself of the privilege of doing business

in Ohio.  The Court holds that 513 Ventures, accordingly, has not established  a prima facie case

of personal jurisdiction over PIV.

**B.      Improper Venue**

PIV also moves to dismiss on the basis of improper venue.  Rule 12(b)(3) of the Federal

Rules of Civil Procedure provides that a party may assert by motion the defense of improper

venue.  The plaintiff bears the burden of establishing proper venue after an objection to venue has

been raised.  *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D.

Ohio 2002).  The venue statute in effect when this case was filed stated in relevant part as

follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of
> citizenship may, except as otherwise provided by law, be brought only in (1) a
> judicial district where any defendant resides, if all defendants reside in the same
> State, (2) a judicial district in which a substantial part of the events or omissions
> giving rise to the claim occurred, or a substantial part of property that is the subject

of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).[1]

513 Ventures asserts that venue is proper in this District pursuant to § 1391(b)(2) on the grounds that a substantial part of the acts or omissions giving rise to its claim occurred in this District. (Doc. 9 at 7–8.) Under § 1391(b)(2), venue is appropriate in "any forum with a substantial connection with the plaintiff's claim." *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998) (applying identical language applicable to diversity cases); *see also Sky Tech. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp. 2d 286, 290 (S.D. Ohio 2000) (quoting *Bramlet*). Dismissal for improper venue is appropriate when the plaintiff has not asserted that any event, act, or omission upon which its claims are based occurred in its chosen forum. *See e.g. Glendora v. Dolan*, 70 F. App'x 350, 350–51 (6th Cir. 2003); *Miles v. WTMX Radio*, 15 F. App'x 213, 215 (6th Cir. 2001).

Venue is proper in Lanham Act cases "where the infringing activity occurred." *Nine Pt. Mesa of Nashville, Inc. v. Nine Pt. Mesa of Lexington, Inc.*, 769 F. Supp. 259, 261 (M.D. Tenn. 1991). "[C]onfusion about the origin of [trademark owner's] product [is] likely to occur" where the infringing activity took place. *Antioch Co. v. Pioneer Photo Albums, Inc.*, No. C-3-99-270, 2000 WL 988249, at *6 (S.D. Ohio Mar. 13, 2000).

The analysis of whether venue exists is similar to that of whether personal jurisdiction exists. 513 Ventures predicates venue upon the allegations that PIV offers its goods and services on its website and "solicits business from across the United States, including in Hamilton County,

---

[1] The venue statute was amended on December 7, 2011, but does not apply retroactively. 28 U.S.C. § 1391.

Ohio." (Doc. 1 ¶¶ 5–6, 12, 14, 17.) This allegation does not establish or suggest that any event, act, or omission occurred in the Southern District of Ohio. 513 Ventures has not alleged that any resident of this District has viewed PIV's website or been confused as to the designation of origin of INSTANT FLUSH products. The Court concludes that 513 Ventures has failed to plead sufficient facts to establish venue.

## III.    CONCLUSION

For the foregoing reasons, Defendant PIV Enterprises, Inc.'s Motion to Dismiss (doc. 7) is hereby **GRANTED** on the grounds of lack of personal jurisdiction and improper venue. The case is dismissed without prejudice.

IT IS SO ORDERED.


___s/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court